IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| MINI MELTS, INC. | § | CIVIL ACTION NO. |
| | § | |
| Plaintiff, | § | 4:07cv271 |
| v. | § | |
| | § | |
| ADAMS RESPIRATORY | § | |
| OPERATIONS, INC. d/b/a | § | |
| ADAMS RESPIRATORY | § | |
| THERAPEUTICS, | § | |
| | § | A JURY IS DEMANDED |
| Defendant. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Mini Melts, Inc files this Original Complaint against Defendant Adams Respiratory

Operations, Inc. d/b/a Adams Respiratory Therapeutics, respectfully showing as follows:

### I.
### PARTIES

1.    Plaintiff Mini Melts, Inc. ("Mini Melts") is a corporation organized and existing

under the laws of the State of Florida, having its principal place of business at 126 South East 5th

Court, Deerfield Beach, Florida 33441.

2.    Defendant Adams Respiratory Operations, Inc. d/b/a Adams Respiratory

Therapeutics ("Adams Respiratory Operations") is a corporation organized and existing under the

laws of the State of Delaware with its principal place of business at 2711 Centerville, Wilmington,

DE 19808 and an operations office at 14841 Sovereign Road, Fort Worth, Texas 76155.

Defendant Adams Respiratory Operations may be served with summons and a copy of this

complaint by serving its registered agent for service of process: Corporation Service Company d/b/a

CSC – Lawyers Incorporating Service Company, 701 Brazos, Suite 1050, Austin, Texas 78701.

## II.
## JURISDICTION AND VENUE

3.       This is an action for (i) federal trademark infringement and unfair competition under the Lanham Act, 15 U.S.C. § 1051 *et seq.* ("Lanham Act"); and (ii) common law trademark infringement, unjust enrichment, unfair competition, and statutory dilution under Texas state law.

4.       This Court has jurisdiction of this action pursuant to the Lanham Act, 15 U.S.C. § 1121(a), and 28 U.S.C. §§ 1331 and 1338(a).  This Court has supplemental jurisdiction over Mini Melts' state law claims pursuant to 28 U.S.C. § 1367 (a).

5.       Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to Plaintiff's claims occurred in this district.

## III.
## BACKGROUND FACTS

6.       Mini Melts manufactures and sells cryogenically frozen pieces of ice cream.  The cryogenically frozen pieces of ice cream are small and are eaten.

7.       Mini Melts is the owner through assignment of United States Registration No. 2429590 registered on February 20, 2001, for the trademark "MINI MELTS"® under which Plaintiff is operating its business.  Since registration was granted, Mini Melts has devoted substantial effort to advertising and promoting its products under the trademark Mini Melts® and has developed considerable recognition under the trademark Mini Melts®.  The Mini Melts trademark has come to stand for and represent high quality and delicious ice cream that is unique and fun to eat.  Mini Melts has expended considerable resources to develop its Mini Melts® trademark as a symbol for a "feel good" and "taste great" consumer food product.

8.       Mini Melts currently has over 500 locations in the United States, including shops, kiosk, carts, vending machines, and special events.  All of these locations prominently display the MINI MELTS® Trademark.  The company currently attends five to ten trade shows a year in

the United States where its distributes marketing materials with the MINI MELTS® Trademark and conducts magazine advertising with the MINI MELTS® Trademark.  Mini Melts currently has international locations in Korea, Singapore, Dubai, Pakistan, Singapore, Taiwan, Thailand, Hong Kong, Indonesia, Malaysia, Brunei, Mainland China, South Africa, Ecuador, Canada, Saudi Arabia, Oman, Kuwait, and Columbia.  All of these locations prominently display the MINI MELTS ® Trademark.

9.     Defendant Adams Respiratory Operations is using the term "Mini-Melts" without the consent of Mini-Melts in connection with the sale of its Mucinex product that causes confusion or mistake as to the origin, sponsorship or approval of the Mucinex product.

10.     The term "Mini-Melts" is displayed on the box Defendant Adams Respiratory Operations uses to package its Children's Mucinex and Junior Strength Mucinex products.

11.     The term "Mini-Melts" is used at least eight times in text in Defendant Adams Respiratory Operations' web site for its Mucinex product (www.mucinex.com).  The web site states that "Children's Mucinex products are designed specifically with kids in mind – in fun-tasting flavors and easy-to-take new forms.  • New Children's Mucinex® Mini-Melts™".

12.     Defendant Adams Respiratory Operations' web site for its Mucinex product also states under the heading "New Children's Mucinex® Mini-Melts™" as follows:

> When your child's chest is congested, you can help him clear out excess mucus with new Children's Mucinex Mini-Melts. Mini-Melts are a unique new form of Mucinex designed especially for children. They're great-tasting and fun-to-take. You just pour a packet of quick-melting Mini-Melts on your child's tongue, and they're easily swallowed. There's no battle to get him to take it. So Mucinex can go right to work and break up the mucus that's causing your child's congestion. Mini-Melts come in kid-friendly Bubble Gum and Grape flavors.

13.     According to a press release by Defendant Adams Respiratory Operations, "Children's Mucinex Mini-Melts are a novel, quick-melting pediatric formulation of the expectorant guaifenesin."  The press release states further that "Guaifenesin helps loosen mucus

and thin bronchial secretions to rid the bronchial passageways of bothersome mucus and make coughs more productive."

14.     The press release by Defendant Adams Respiratory Operations states further that "[t]he first of its kind for congestion, Children's Mucinex Mini-Melts are innovative, quick-melting granules that are easy to swallow and taste good."  The press release states further that "[c]hildren's Mucinex® Mini-Melts™ are available in two kid-friendly flavors (grape and bubble gum) and come in pre-measured 50 mg or 100 mg packets that make proper dosing convenient and accurate."

15.     Print advertising by Defendant states that "[w]hen mucus causes your child's chest congestion, try new Children's Mucinex® Mini-Melts™ and send mucus on its way. Mucinex Mini-Melts come in pre-measured packets of tasty, quick-melting granules that are poured on your child's tongue and swallowed.  There's Bubble Gum flavor for older children and Grape for younger children."

## IV.
## CLAIMS FOR RELIEF

### A.     Claim One - Federal Trademark Infringement

16.     Paragraphs 1 through 15, above, are hereby incorporated by reference and realleged.

17.     The foregoing acts of Defendant Adams Respiratory Operations constitute infringement of Mini Melts' United States trademark registration under 15 U.S.C. § 1114.  Mini Melts has been directly damaged by Defendant's infringement of the trademark.  In accordance with 15 U.S.C. § 1117(a), Mini Melts seeks the recovery of Defendant's profits, Mini Melts' damages, and costs of this action.

### B.     Claim Two – Federal Unfair Competition

18.     Paragraphs 1 through 17, above, are hereby incorporated by reference and realleged.

19.     The foregoing acts of Defendant Adams Respiratory Operations constitute unfair competition under 15 U.S.C. § 1125(a)(1).  The use of the term "Mini-Melts" by Defendant Adams Respiratory Operations is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant Adams Respiratory Operations with Plaintiff Mini Melts.

20.     The use of the term "Mini-Melts" by Defendant Adams Respiratory Operations is likely to cause confusion, or to cause mistake, or to deceive as to the origin, sponsorship, or approval of the goods, services, or commercial activities by Defendant Adams Respiratory Operations with those of Plaintiff Mini Melts.

21.     The foregoing acts of Defendant Adams Respiratory Operations have caused irreparable harm and damage to Plaintiff Mini Melts.  Mini Melts' remedies at law are inadequate to compensate for this harm and damage.

**C.     Claim Three -Common Law Trademark Infringement**

22.     Paragraphs 1 through 21, above, are hereby incorporated by reference and realleged.

23.     As stated in the preceding sections, Defendant Adams Respiratory Operations has used the term "Mini-Melts" without Mini Melts' consent, creating confusion and mistake as to the origin, sponsorship or approval of Defendant Adams Respiratory Operations' goods. These acts also constitute infringement of Mini Melts' common law trademark rights.

24.     The acts of Defendant Adams Respiratory Operations have irreparably harmed and damaged Mini Melts for which no adequate remedy exists at law.

**D.     Claim Four – Common Law Unjust Enrichment**

25.     Paragraphs 1 through 24, above, are hereby incorporated by reference and realleged.

26     Defendant Adams Respiratory Operations' use of the term "Mini-Melts" has benefited Defendant Adams Respiratory Operations.

27.     On information and belief, Defendant Adams Respiratory Operations appreciated that its use of the term "Mini-Melts" was in derogation of Mini Melt's rights in that mark and term, and that such unauthorized use did confer a benefit upon Defendant Adams Respiratory Operations.

28.     It would be inequitable for Defendant Adams Respiratory Operations to retain that benefit without payment to Mini Melts.

**E.     Claim Five – Common Law Unfair Competition**

29.     Paragraphs 1 through 28, above, are hereby incorporated by reference and realleged.

30.     Defendant Adams Respiratory Operations' acts complained of herein constitute unfair competition under the common law of the State of Texas.

31.     The acts of Defendant Adams Respiratory Operations have irreparably harmed and damaged Plaintiff Mini Melts, and Mini Melts' remedies at law are inadequate to compensate for this harm and damage.

**F.     Claim Six – Dilution under Texas Law**

32.     Paragraphs 1 through 31, above, are hereby incorporated by reference and realleged.

33.     The foregoing acts of Defendant Adams Respiratory Operations constitute unlawful and intentional dilution of Mini Melts' trademark in violation of Texas Business & Commerce Code § 16.29.

34.     Plaintiff Mini Melts is entitled to an injunction prohibiting Defendant Adams Respiratory Operations from using advertising and marketing terms in a way that is likely to dilute the distinctive character of the Mini Melts trademark.

### G.     Claim Seven - Attorneys' Fees and Costs

35.     Paragraphs 1 through 34, above, are hereby incorporated by reference and realleged.

36.     Because of Defendant's actions, Mini Melts has found it necessary to employ the undersigned counsel to present this action. Mini Melts is entitled to recover from Defendant its reasonable attorneys fees incurred in this action pursuant to 15 U.S.C. § 1117(a). Mini Melts also seeks recovery of prejudgment and post-judgment interest on its damages at the maximum lawful rate. Mini Melts further seeks recovery of its costs of court.

### V.
### REQUEST FOR PERMANENT INJUNCTIVE RELIEF

37.     Paragraphs 1 through 36, above, are hereby incorporated by reference and realleged.

38.     On information and belief, Defendant Adams Respiratory Operations is causing irreparable damage to Plaintiff Mini Melts by its wrongful acts as described above and will continue said wrongful acts unless permanently enjoined by this Court.  The actions of Defendant Adams Respiratory Operations also is causing danger to the public due to the confusion between the name "Mini Melts" on a novelty ice cream product and the name "Mini-Melts" on a "use only as directed" medication.

### VI.
### JURY DEMAND

39.     Plaintiff Mini Melts, pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, demands a trial by jury on all issues triable by right by a jury.

WHEREFORE, PREMISES CONSIDERED, Plaintiff Mini Melts prays that upon final hearing, it recover judgment against Defendant Adams Respiratory Operations for the relief stated above, a permanent injunction, prejudgment interest and post-judgment interest at the highest lawful rates, its reasonable attorneys' fees, as allowed by law, all costs of suit incurred herein, and such other and further relief, either general or special, at law or in equity, to which Plaintiff Mini Melts may be justly entitled.

Respectfully submitted,

Robert G. Oake, Jr.
Texas State Bar No. 15154300
Oake Law Office
1333 W. McDermott Dr., Suite 200
Allen, Texas 75013
469.519.2755
469.519.2756 (fax)
rgo@oake.com

Attorney for Plaintiff Mini Melts