UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

MINI MELTS, INC.,

v.                                                              Case No: 4:07-CV-271

RECKITT & BENCKISER, INC. et al
_____/

**DEFENDANT RECKITT'S MOTION IN LIMINE
TO EXCLUDE PLAINTIFF'S SURVEY EVIDENCE**

Defendant Adams Respiratory Operations, Inc. d/b/a/ Adams Respiratory Therapeutics n/k/a Reckitt Benckiser, Inc., ("Reckitt"), by and through its undersigned attorneys, hereby moves this Court to preclude Plaintiff Mini Melts, Inc., ("Plaintiff") from introducing at trial any evidence, testimony or argument related to the survey conducted by Plaintiff on with respect to its tarnishment claim. In support of this motion, Reckitt attaches the following memorandum of law.

**MEMORANDUM OF LAW**

**I.   Background**

In order to support its claim of dilution by tarnishment under Texas law, Mini Melts ice cream's general manager Bill Mizzell personally conducted a bizarre survey fraught with confusing and suggestive questions. The survey was drafted by Plaintiff's attorney. The survey asked three questions:

> (1) Is the image projected by the association of the name Mini Melts with the mucous and the mucous characters in the animated commercials and print ad at odds with the image projected by the name Mini Melts to identify an ice cream novelty treat?

> (2) Does the use of the name Mini Melts in the animated commercials and print ad portray the name Mini Melts in an unwholesome or unsavory context likely to evoke unflattering thoughts about the Mini Melts ice cream product?

>   (3) Does the use of the name Mini Melts in the animated commercials and print ad reduce the Mini Melt's trademark's reputation and standing in your eyes as a wholesome identifier of Mini Melts ice cream products?

A copy of the survey is attached to this motion as Exhibit A.  The survey was conducted at a Mini Melts ice cream booth at a North Carolina fair.  The participants included only customers who purchased a bowl of Mini Melts ice cream.  As the customers enjoyed their ice cream, they were asked to take the survey and were rewarded with $5 once they completed the survey and personally returned the survey to Mini Melts ice cream executive Bill Mizzell. (Plaintiff's MSJ at 16).

**II.      Argument**

Plaintiff should not be entitled to present any evidence or testimony related to the aforementioned survey.  Any evidence or testimony related to the survey should be excluded both because of the biased manner in which the survey was conducted, as well as the biased and confusing nature of the survey questions.  *See Scott Fetzer Co. v. House of Vacuums Inc.,* 381 F. 3d 477, 487 (5th Cir. 2004) (holding survey inappropriate, granting summary judgment to opposing party, and noting that courts should consider both the manner in which the survey is conducted and the method by which the participants are questioned in considering the credibility of the results); *See, e.g. Scott Fetzer Co. v. House of Vacuums Inc.,* 381 F. 3d 477 (5th Cir. 2004) (affirming summary dismissal of trademark infringement claim and deeming survey evidence inadmissible); *Citizens Financial Group, Inc. v. Citizens Nat. Bank of Evans City,* 383 F. 3d 110 (3d Cir. 2004), *cert denied,* 544 U.S. 1018 (2005) (survey was properly excluded because of flaws in structure); *J&J Snack Foods, Corp. v. Earthgrains Co.,* 220 F. Supp. 2d 358 (D.N.J. 2002) ("Above all, the survey's design must fit the issue which is to be decided by the jury, and

not some inaccurate statement of the case, lest the survey findings inject confusion or inappropriate definitions into evidence, confounding rather than assisting the jury.")

Plaintiff's survey is deficient in a plethora of ways.  First, Plaintiff's survey did not include a sampling of Reckitt's potential customers in its universe.  As the Fifth Circuit explained in *Scott Fetzer Co.,* for a survey to be valid, "the appropriate universe should include a fair sampling of those purchasers most likely to partake of the alleged infringer's goods or surveys."  *Id.* at 487-88.

Second, the survey questions were highly confusing and suggestive.  The Fifth Circuit has held that questions must not prod survey participants to search for a connection, and "a survey question that begs its answer by suggesting a link between plaintiff and defendant cannot be a true indicator of the likelihood of consumer confusion."  *Id.* at 488.  Plaintiff's survey was improperly suggestive and confusing.  For example, question one of three asked: "Is the image projected by the association of the name MINI MELTS with Mucous and the Mucous Characters in the animated commercials and print ad at odds with the image projected by the name MINI MELTS to identify an ice cream novelty treat?"  This question is not only vague, failing to define what "at odds" means, but also improperly suggests that Mucinex Mini Melts cough and cold medicine should be equated with mucous, when the real issue is whether customers confuse Mucinex Mini Melts cough and cold medicine with ice cream and whether Mucinex Mini Melts cough and cold medicine "tarnishes" Plaintiff's ice cream.  Plaintiff's survey improperly suggests to the participant that he or she should associate Mucinex Mini Melts cough and cold medicine with mucous, when the participant may or may not have made that association without Plaintiff's prodding.

Additionally, Plaintiff continues to misunderstand the law on tarnishment as reflected in its survey.  As we have repeatedly explained, a medicine cannot tarnish Plaintiff's ice cream.  To the contrary, dilution claims are typically more suited for negative products such as illicit drugs, the sex industry, etc.  *See Coca-Cola Co. v. Gemini Rising, Inc.,* 346  F. Supp. 1183 (E.D.N.Y. 1972) ("enjoy cocaine" posters tarnished Coca-Cola's trademark); *Dallas Cowboys Cheerleaders, Inc. v. Pussycat Cinema, Ltd.,* 467 F. Supp. 366 (S.D.N.Y. 1979) (actress sometimes attired in distinctive Dallas Cowboys cheerleaders costume diluted reputation of plaintiff); *Edgar Rice Burroughs, Inc. v. Manns Theatres,* 1976 WL 20944 (C.D. Cal. 1976) (use of mark Tarzan in x-rated film dilutes mark); *Pillsbury Co. v. Milky Way Productions, Inc.,* 1981 WL 1402 (N.D. Ga. 1981) (dilution by showing plaintiff's innocent mascot marks engaged in sexual intercourse in cartoon); *Original Appalachian Artworks, Inc v. Topps Chewing Gum,* 642 F. Supp. 1031 (N.D. Ga. 1986) (preliminary injunction against sale of children's Garbage Pail kids where defendant's cards "derisively depict dolls with features similar to Cabbage Patch Kids dolls in rude, violent and frequently noxious settings"); *Hasbro, Inc. v. Internet Entertainment Group, Ltd.,* 1996 WL 84853 (W.D. Wash. 1996) (the famous mark Candyland for children's board game was held diluted by tarnishment by candland.com for a sexually explicit internet cite); *Kraft Foods Holdings, Inc. v. Helm,* 205 F. Supp. 2d 942 (N.D. Ill. 2002) (injunction against use of King Velveeta on adult content website as dilution by tarnishing Velveeta for cheese products); *Polo Ralph Lauren L.P. v. Schuman,* 1998 WL 110059 (S.D. Tex. 1998) (POLO was a famous mark diluted by tarnishment by defendant's Polo Club adult entertainment business).  Therefore, Plaintiff should have focused on whether Mucinex Mini Melts cough and cold medicine tarnishes Plaintiff's ice cream, not whether mucous or the mucous characters tarnish Plaintiff's ice cream.

Next, Plaintiff's survey is improper in the method in which it was conducted. Plaintiff administered its survey to consumers as they enjoyed their ice cream treat. If this were fair, Reckitt should be allowed to administer a similar survey to parents who have just given their fussy children Mucinex Mini Melts cough and cold medicine to alleviate their symptoms. Under this methodology, Reckitt would see favorable results as well.

The survey was further biased by the fact that a Mini Melts ice cream's executive administered the survey and dispensed the reward money at the completion of the survey. *See, e.g. Missiontrek Ltd. Co. v. Onfolio, Inc.,* 2005 WL 3395187 (T.T.A.B. 2005), *aff'd,* 208 Fed. Apx. 858 (Fed. Cir. 2006) (e-mail survey went to 42 customers by the senior user was not accorded any weight, in part, because it was administered by a party to the case); *Dupont Cellophane Co. v. Waxed Products Co.,* 85 F. 2d 75 (2d Cir. 1936), *cert denied,* 299 U.S. 601 (1936) (noting that favorable responses in survey "might well have been stimulated by such inducements.")

Lastly, the survey was improper because it was drafted by Plaintiff's attorney rather than an expert. *See American Greetings Corp. v. Dan-Dee Imports, Inc.,* 619 F. Supp. 1204 (D.N.J. 1985), aff'd in part on other grounds, 807 F. 2d 1136 (3d Cir. 1986) ("Neither Wolf/Atschul/Callaghan, Stewart Surveys, nor any other outside professional having experience in the design of consumer surveys had any role whatsoever in the design of the survey, which was entirely done by the plaintiff's counsel. While not dispositive, this fact renders plaintiff's survey somewhat less weighty than it might otherwise be.")

Because Plaintiff's survey is biased and not credible, Plaintiff has no basis to suggest that it has suffered or will suffer any irreparable harm under a dilution theory. Accordingly, any evidence or testimony related to the survey should be excluded from trial.

6

Respectfully submitted,

/s/ Clyde M. Siebman
Clyde M. Siebman
SIEBMAN, REYNOLDS, BURG &
PHILLIPS, L.L.P.
State Bar No. 18341600
300 N. Travis
Sherman, Texas 75090
Telephone:  (903) 870-0070
Facsimile:  (903) 870-0066
siebman@siebman.com
Stefan V. Stein
Florida Bar No. 300527
Debra Deardourff Faulk
Florida Bar No. 0634425
Holland & Knight LLP
100 North Tampa Street, Suite 4100
Tampa, Florida  33602
Tel:  813/227-8500
Fax:  813/229-0134
Email: stefan.stein@hklaw.com
debra.faulk@hklaw.com

Attorneys for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 2nd day of February, 2009, a true and correct copy of the foregoing was served via Federal Express on Robert G. Oake, Jr., Esq., Oake Law Office, 1333 W. McDermott Dr., Suite 200, Allen, Texas 75013.

/s/ Clyde M. Siebman
Clyde M.